IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MODERN STORAGE, LLC**                                                      **PLAINTIFF**

v.                              No. 4:23-cv-1199-DPM

**STORE LOCAL MEDIA CORPORATION**                        **DEFENDANT**

### ORDER

1. Modern Storage operates self-storage facilities in Arkansas. It owns a federally registered trademark for the "MODERN STORAGE" mark. Store Local operates a media company that produces media and publications about the self-storage industry. Store Local's brand was "Mini-Storage Messenger." In 2023, Store Local re-branded its company as Modern Storage Media. Modern Storage says that Store Local's re-branded media business has been infringing on its trademark. Store Local moves to dismiss, arguing that this Court lacks personal jurisdiction over it. The parties conducted jurisdictional discovery. Because no evidentiary hearing was held, the Court views that full record in the light most favorable to Modern Storage and resolves factual disputes in its favor. *Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 820 (8th Cir. 2014); *Jacobs Trading, LLC v. Ningbo Hicon International Industry Co.*, 872 F. Supp. 2d 838, 842 (D. Minn. 30 May 2012).

2. Arkansas law extends personal jurisdiction as far as the Due Process Clause allows. ARK. CODE ANN. § 16-4-101(B). The deep question is whether it's fair and reasonable, considering all the facts with jurisdictional weight, to require Store Local to defend this action in a court sitting in Arkansas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The parties agree that Store Local isn't subject to general jurisdiction here. The company is incorporated in Delaware; its principal place of business is in California. It neither owns property in Arkansas nor has any employees here. It is not registered to do business in Arkansas. So the familiar question arises: does this non-resident have sufficient minimum contacts with Arkansas such that requiring it to defend this case here would be fair? *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

Yes. Store Local sends electronic newsletters, printed magazines and almanacs, and marketing "e-blasts" to Arkansas residents. From September 2023 to January 2024, it sent various Arkansawyers 640 newsletters, ten print-issue magazines, and 612 e-blasts. *Doc. 23-1*. It also sold one new magazine subscription to an Arkansas customer. Arkansawyers ordered these subscriptions and publications through Store Local's website. And Store Local solicited advertising business from an Arkansas-based company to place ads in Store Local's publications.

Store Local says that those contacts aren't "purposeful" because they were initiated by third parties and were *de minimis*. *Walden*, 571 U.S. at 284-85.  Although these contacts represent a small percentage of Store Local's business, the numbers show that the presence of its media products in Arkansas isn't the result of attenuated, random, or fortuitous circumstances.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *ZO Skin Health, Inc. v. Skincare Market, Inc.*, 2022 WL 179678, at *4 (D. Neb. 20 January 2022).  It's true, of course, that unilateral third-party conduct cannot confer personal jurisdiction.  *Walden*, 571 U.S. at 284.  But, in evaluating minimum contacts and websites, the Court must focus on how Store Local does business over the Internet.  *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 710-11 (8th Cir. 2003).

Store Local points to *Doshier v. Twitter, Inc.*, in which this Court held that Twitter lacked sufficient minimum contacts with Arkansas because it conducted all its online activity in California and did not target its website to Arkansawyers.  417 F. Supp. 3d 1171, 1177-78 (E.D. Ark. 27 September 2019).  Like Twitter, Store Local conducts its media business through its website.  But unlike Twitter, Store Local transacts with Arkansas customers and sends them targeted electronic publications.  That virtual pipeline is its business.  Publications flow out; subscriptions and orders flow in.  The parties' dispute arises from and relates to Store Local's business.  *Ford Motor Co. v. Montana Eighth*

*Judicial District Court*, 592 U.S. 351, 359-62 (2021).  All this weighs in favor of personal jurisdiction.

Modern Storage also alleges that Store Local intentionally and expressly aimed its alleged trademark infringement at Arkansas and that the brunt of Modern Storage's alleged harm was suffered here. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984).  All the publications and marketing materials that Store Local sends to Arkansas contain the alleged infringing mark.  These include newsletters and e-mail blasts, among other things.  And because Modern Storage has its headquarters here, it suffers the asserted harm from the alleged infringement in Arkansas. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1388-89 (8th Cir. 1991).

The Court has considered all the relevant circumstances. *Hawkeye Gold, LLC v. China National Materials Industry Import and Export Corp.*, 89 F.4th 1023, 1032 (8th Cir. 2023).  The relationship between the defendant, the forum, and the dispute makes Arkansas a fair place to address the parties' differences. *Walden*, 571 U.S. at 284.  The balance, including where the alleged harm is felt, weighs in favor of this Court exercising personal jurisdiction over Store Local in this dispute.

3. Venue in the Eastern District of Arkansas is also proper. Taking Modern Storage's allegations as true, Store Local's alleged trademark infringement has occurred and is occurring here.  28 U.S.C.

§ 1391(b)(2). The Court therefore declines Store Local's embedded request to dismiss or transfer this case under 28 U.S.C. § 1406(a).

\* \* \*

Motion to dismiss, *Doc. 7*, denied.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 August 2024