IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MODERN STORAGE, LLC**                                    PLAINTIFF

v.                          No. 4:23-cv-1199-DPM

**STORE LOCAL MEDIA
CORPORATION, d/b/a Modern Storage
Media**                                                    DEFENDANT

### ORDER

Two storage-related businesses have a dispute about the first use of a name. Modern Storage says it debuted its company name on 17 March 2017. Store Local questions that assertion. To get to the underlying facts, Store Local wants to depose one of Modern Storage's lawyers, Richard Glasgow. Glasgow represents Modern Storage in this case. He also represented it in 2022, when he submitted a service mark application with Modern Storage's first-use date of 17 March 2017. *Doc. 41 at 9.* The deep issue comes in three parts: Can the facts Store Local seeks from Glasgow be gotten from any other source? Are those facts relevant and nonprivileged? And are they crucial to Store Local's case preparation? *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

Store Local deposed Modern Storage's president and Rule 30(b)(6) representative, Alexandra Richardson. Ms. Richardson said

she didn't know—or didn't remember—the answers to many of Store Local's questions about first use.  She also asserted attorney-client privilege several times during the deposition.  *Doc. 41-1 & Doc. 41-2.*  Store Local wasn't satisfied with her answers.  But it can't depose Glasgow just to get different ones.  *Smith-Bunge v. Wisconsin Central, Ltd.*, 946 F.3d 420, 423 (8th Cir. 2019).  Instead, it should follow up with other targeted discovery to Richardson, Modern Storage, and others connected with that business.

Store Local also says that Glasgow waived attorney-client privilege when he "stepped into his client's shoes" in 2022.  *Doc. 41 at 11.*  There might be information that Glasgow has about the 2022 March application that isn't privileged.  If so, he can and should provide it through his client.  But he didn't make a blanket waiver just by submitting that application as one of the declarants.  And Store Local hasn't tried to narrow its inquiry.  *Smith-Bunge*, 946 F.3d at 423.  It should do so.

The Court gives Store Local leeway on the third *Shelton* factor.  Maybe over the course of litigation a first-use affirmative defense grew legs, making it crucial to Store Local's case.  The first two *Shelton* factors, though, weigh against Store Local's taking Glasgow's deposition.  The subpoena, *Doc. 37-7*, is quashed.

\*

Joint discovery dispute, *Doc. 41*, resolved.  By agreement of the parties, *Doc. 43* will remain under seal.  *Doc. 45*.

Discovery deadline extended to 7 July 2025.  Dispositive and *Daubert* motions due by 8 September 2025.  All other deadlines in the Final Scheduling Order, *Doc. 18*, remain in effect.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 May 2025