# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MODERN STORAGE, LLC**                                             **PLAINTIFF**

**v.**                                   **No. 4:23-cv-1199-DPM**

**STORE LOCAL MEDIA CORPORATION**
**d/b/a Modern Storage Media**                         **DEFENDANT**

## ORDER

Modern Storage operates ten self-storage facilities in central and northwest Arkansas.  In 2017, it registered its "MODERN STORAGE"



trademark as a descriptive term with acquired distinctiveness.  Store Local Media is a publishing business in the storage industry.   It produces an almanac, a newsletter, and digital content.  In 2023, Store Local Media acquired the

trade publication "Mini-Storage Messenger" and re-branded it as Modern Storage Media, or simply MSM.  Store Local Media's digital



publications use this mark, too.  Modern Storage has sued, claiming trademark infringement and unfair competition in violation of federal and Arkansas law.  Store Local Media responded with several affirmative defenses.  Going on the offense, plaintiff Modern Storage seeks summary judgment on all its claims and those affirmative

defenses. In response, Defendant Store Local Media seeks summary judgment on all the claims against its embedded use of the words "modern storage" in the mark on its publications. The Court canceled the upcoming trial date so it could hold oral argument on the deep issues. This is the promised prehearing Order to clear some brush.

### 1. Store Local Media's Affirmative Defenses

Modern Storage is entitled to judgment on Store Local Media's affirmative defenses of fraud, functionality, and genericness. The material facts are undisputed.

First, Store Local Media has not offered any clear and convincing evidence that Modern Storage's owner knowingly made a false statement, intending to deceive, when she applied to register the mark. *Fair Isaac Corporation v. Experian Information Solutions, Inc.*, 650 F.3d 1139, 1148 (8th Cir. 2011).

Second, Modern Storage's mark isn't functional. It doesn't operate as a product feature; and registration will not put others at a significant competitive disadvantage. *Gateway, Inc. v. Companion Products, Inc.*, 384 F.3d 503, 508-09 (8th Cir. 2004). The functional defense is inapplicable.

Finally, the mark isn't generic. *General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 625 (8th Cir. 1987). "Modern storage" doesn't embrace a class or group in the self-storage industry. Compare the terms "storage

units," "mini-storage," or "self-storage." Those terms cover a genus—all such businesses. While "modern storage" is towards the general end of the spectrum, it's not generic as a matter of law.

Modern Storage is not entitled to judgment as a matter of law on descriptiveness. The nature of Modern Storage's mark—including how its descriptiveness weighs in the balance—is a core issue best addressed on Modern Storage's infringement and unfair competition claims.

### 2. The Motions *In Limine*

Each side moves to exclude certain evidence. The Court will address both motions by category or issue. Here are the Court's rulings.

- **Prior Rulings, Refusal to Testify, Settlement Discussions, Speculation, & Subsequent Remedial Measures**

The Court is confident that the experienced counsel on both sides will follow the Federal Rules of Evidence and other applicable law. A caveat. Any proof that social media tags were removed or edited is relevant and admissible, if not excluded on other grounds.

- **Evidence of Coexisting Brands**

It's admissible.  Evidence of brands with similar names coexisting in the marketplace has some relevance on whether a consumer is likely to be confused.

- **Modern Storage's Other Trademark Applications**

Excluded with one carve-out.  There's little relevance here and some risk of confusion.  Evidence of Modern Storage's federal trademark application and registration on the Supplemental Register is admissible.  It's more relevant and less confusing.

- **The Richardsons**

The Court will follow Rule of Civil Procedure 32.  "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."  Fed. R. Civ. P. 32(a)(3).  Ms. Richardson is knee-deep in running Modern Storage.  Absent some contrary showing by the company, that's sufficient to trigger this provision.  The Court is somewhat skeptical about evidence of other Richardson business ventures.  If Modern Storage opens the door, Store Local Media can come in, of course.  And a bit of this is probably OK in any event.  But we must avoid mini-trials on tangential points.

- **Modern Storage's Exclusive Use of the Mark**

Modern Storage seeks to exclude evidence or argument that it filed an inappropriate specimen with its trademark application that misrepresented the substantially exclusive use of their mark. The Court has granted summary judgment on the affirmative defense of fraud. This evidence goes to that defense. But it's also admissible on Store Local Media's descriptiveness arguments.

- **Modern Storage Failing to Police its Mark**

It's admissible. There's little risk of confusion or unfair prejudice.

- **Third-Party Information**

Modern Storage seeks to exclude evidence of Semrush reports, website analytics, and market data from third-party almanacs. All these materials are admissible with adequate foundations. Fed. R. Evid. 803(17). Store Local Media's website printouts of other companies using "Modern" in their name are excluded. They're hearsay, Fed. R. Evid. 801(c)(2), not within any exception, and not properly authenticated. Fed. R. Evid. 901.

- **Trademark Class Registration**

This is relevant at the margin.  But we're not going to have a mini-trial on the classes issue.  The parties must be spare on this.

- **Evidence Disclosed after Discovery Ended**

It's admissible.  Although some social media posts were disclosed belatedly, Modern Storage didn't unduly delay in supplementing its responses.  *Fair Isaac Corporation v. Federal Insurance Company*, 337 F.R.D. 413, 418-19 (D. Minn. 2021).  No unfair prejudice exists.

- **The Color Red in Modern Storage's Mark**

Modern Storage may offer evidence of its mark's typical displayed form—including use of the color red.

- **Social Media Posts**

Store Local Media seeks exclusion of LinkedIn and Instagram posts because they're hearsay.  The social media posts are admissible, however, if offered not for the truth of the matter asserted, but for the fact that the posts happened.  Fed. R. Evid. 801(c).  In the *Duluth News* case, evidence that anonymous callers and letter writers were actually confused was inadmissible hearsay.  *Duluth News-Tribune v. Mesabi*

*Publishing Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996). Other "confusion" evidence wasn't hearsay; it was admissible, but weak for one reason or another. *Ibid.* The posts here can't be admitted for the truth of any statements made within them. They are admissible evidence (in support of the confusion argument) that the posts were made. Store Local Media can rebut with evidence from posters on whether they were actually confused, *Duluth News*, 84 F.3d at 1098, and about LinkedIn's tagging features.

### 3. Shirley Webster

Store Local Media's motion to exclude Shirley Webster was untimely. *Doc. 46.* Good cause exists, however, to decide the motion's merits. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Store Local Media's motion was a month late; but that was still almost six months before trial. And Modern Storage isn't unfairly prejudiced by the Court deciding the merits now.

Expert testimony is admissible if it would help the jury understand the evidence or decide a disputed fact. *Larson v. Kempker*, 414 F.3d 936, 941 (8th Cir. 2005). Shirley Webster has opinions about damages. The fighting issue is whether Webster's use of the *Georgia-Pacific* factors—typically deployed in patent infringement cases—to calculate a reasonable royalty would assist the jury. It would. A reasonable royalty can be used to measure damages in some trademark

–7–

infringement cases. *E.g., A&L Laboratories, Inc. v. Bou-matic, LLC*, 2004 WL 1745865 at *2 (D. Minn. 2004). Here, some of Modern Storage's facilities typically operate under management agreements, which include independent facility operators using the Modern Storage name and paying a licensing fee. This way of doing business supports the jury's consideration of a reasonable royalty in measuring alleged damages.

Store Local Media's motion *in limine* seeks to further limit Webster's testimony. First, Modern Storage doesn't seek to introduce Webster's report as evidence. It can't. Second, expert witnesses may get help from others in their research. Third, Webster may not testify about the law or offer legal opinions embedded in her expert testimony. *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). Store Local Media's motion is granted on this slice. Last, Store Local Media's other concerns about Webster's analysis and conclusions are best addressed by cross-examination. They go to weight, not admissibility. *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011). The Court sees no non-disclosure of basis.

### 4. Exceptional Case?

No matter how the Court rules on the deep issues, this isn't an "exceptional case" under the Lanham Act. 15 U.S.C. § 1117(a). Modern

-8-

Storage's claims aren't frivolous;  and its conduct wasn't unreasonable. *Pocket Plus, LLC v. Pike Brands, LLC,* 53 F.4th 425, 435 (8th Cir. 2022).

### 5. Confidential Documents Dispute

Store Local Media should not have unilaterally decided that some documents and materials designated by Modern Storage as confidential were not confidential.  That decision was the Court's to make.  That said, Store Local Media's action appears largely prompted by Modern Storage's over-designation of public and non-confidential information as confidential.  After Modern Storage raised this issue, the Clerk of Court locked down all the contested documents.  The contested materials were available for approximately two months.  Modern Storage hasn't demonstrated any specific prejudice from this limited exposure.  No harm, no foul.  It's time to focus on the merits rather than side disputes.  The Court will sort the sealing issues in due course. Other than the admonitions made above, the Court denies any further relief on this fuss.

\*

Motions, *Doc. 62, 65, & 71,* granted.  Motions, *Doc. 68 & 77,* denied. Motions, *Doc. 129 & 131,* partly granted and partly denied.  Motion, *Doc. 121,* partly granted as stated and mostly denied.

So Ordered.

_____WPMarshall Jr._____
D.P. Marshall Jr.
United States District Judge

_____24 March 2026_____